

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRYONE LEE BURLESON, <br> TDCJ-CID No. 01876269, <br><br> Plaintiff, <br><br> v. <br><br> NFN RICHARDSON, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:19-CV-075-Z-BR |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tryone Lee Burleson, acting *pro se* and while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, sued under 42 U.S.C. § 1983, and has been granted permission to proceed *in forma pauperis*. Having reviewed the pleadings and relevant law, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges he has written both "step one" and "step two" grievances concerning the meals he receives on the TDCJ Bill Clements Unit. *See* ECF No. 3 at 4. Specifically, TDCJ staff have served Plaintiff raw lunchmeat made from a pork product and rendering Plaintiff sick to the stomach. *Id.* Plaintiff alleges he has allergies, and this pork-based food is not on his approved food list. *Id.* Plaintiff sues Defendant No First Name ("N.F.N.") Richardson, Warden of the TDCJ Bill Clements Unit, for his failure to correct the situation through the grievance process. *Id.* at 3. Plaintiff also sues the unnamed health administrator or manager of the unit and the unnamed

kitchen coordinator of the unit as responsible parties for distributing this food. *Id.* The sole relief requested by Plaintiff is that TDCJ stop putting raw uncooked lunchmeat on his food tray. *Id.* at 4.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

Plaintiff alleges Defendant Richardson failed to adequately investigate and resolve Plaintiff's complaints and grievances. "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

371, 374 (5th Cir. 2005). Accordingly, the Court **DISMISSES** Plaintiff's claims against Defendant Richardson for failure to state a constitutional claim.

Further, the general prohibition on supervisory liability bars Plaintiff's claims against all Defendants. In a Section 1983 suit, liability of a government official for the unconstitutional conduct of a subordinate may not rest solely upon a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).

Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove each individual defendant implemented an unconstitutional policy directly injuring the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). To the extent Plaintiff asserts claims against the kitchen coordinator and health administrator in their supervisory capacities over individuals that prepare lunch for inmates, the Court **DISMISSES** those claims.

And to the extent Plaintiff's claims allege the kitchen coordinator failed to train individuals who prepare lunch trays for inmates with allergies, Plaintiff's claims fail to allege a constitutional deprivation. The Eighth Amendment requires that inmates be provided "well-balanced meal[s], containing sufficient nutritional value to preserve health." *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Constitutional violations are not established by pleading only discomforts associated with incarceration. *See Hyder v. Perez*, No. 96-40003, 1996 WL 255243, at *1 (5th Cir. Apr. 29, 1996) (per curiam) (upholding dismissal of claims that quantities of food were inadequate as lacking an arguable basis in law or fact); *Warren v. Gusman*, No. 16-15046, 2017 WL 1373875, at *15 (E.D. La. Mar. 10, 2017) (holding allegations that meals are not ideal, are overcooked, and not properly prepared for prisoner's diet and allergies "do not rise to a level of seriousness constituting a constitutional violation"). Plaintiff's complaints regarding the service of uncooked lunchmeat on his lunch tray "that makes him sick to his stomach" does not state a constitutional violation, as Plaintiff has not alleged that he has been hospitalized for allergic reactions or lost significant weight due to inadequate consumable food intake. Plaintiff only alleges eating raw lunchmeat has made him sick to his stomach — not that Defendants deliberately only serve Plaintiff foods he cannot consume due to allergies. *See* ECF No. 3 at 4. Moreover, Plaintiff does not allege he is otherwise provided an inadequate amount of food on a reoccurring basis. The Court therefore **DISMISSES** Plaintiff's claims for failure to state a claim.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(a), the Court **DISMISSES** Plaintiff's Complaint brought under 42 U.S.C. § 1983 **WITH PREJUDICE** as frivolous.

SO ORDERED.

June _7_, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE